UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLIFTON ROBINSON,

    *Plaintiff*,

v.

J. HEMINGWAY, *et al.*

    *Defendants*.

Civil Action No. 22-1569 (RDM)

**MEMORANDUM OPINION**

    For months, Plaintiff has had the opportunity to respond to the motion to dismiss and motion for summary judgment filed by Defendants in this case, Dkt. 18, and after multiple orders from the Court, has failed to do so. For the reasons discussed below, the Court will dismiss Plaintiff's case without prejudice for failure to prosecute under Federal Rules of Civil Procedure 41(b) and Local Civil Rule 83.23.

    Plaintiff Clifton Robinson, proceeding *pro se*, initiated this action on May 27, 2022 against the Warden of FCI Milan and several other individuals employed at the prison. Dkt. 1 at 1 (Compl.). Plaintiff originally sued J. Hemingway (Warden, FCI Milan), R. Lea (Case Manager, FCI Milan), and C. Ellison (Counselor, FCI Milan). *See id.* He later added "North Central Region Director Kenneth Harding as a defendant." Dkt. 7 at 1. In their motion, Defendants Hemingway, Lea, and Ellison "do not address the alleged claims against Kenneth Harding, because, according to BOP's records, it does not have an employee named 'Kenneth Harding' and it has never employed an individual named 'Kenneth Harding.'" Dkt. 18 at 1 n.1 (internal citation omitted); *see also* Dkt. 17-1 at 2 (Coleman Decl. ¶ 4).

    On April 27, 2023, after seeking and receiving two extensions of time, Defendants moved

to dismiss Plaintiff's complaint and moved for summary judgment.  Dkt. 18.  The Court promptly issued a *Fox/Neal* order advising Plaintiff of the consequences of failing timely to respond to Defendants' motion and giving him until June 2, 2023 to do so.  Dkt. 19.

After Plaintiff failed timely to respond, the Court *sua sponte* extended his time to respond, setting a new deadline of August 4, 2023.  Min. Order (July 5, 2023).  On August 8, 2023, Plaintiff filed a notice informing the Court that he had never received Defendants' motion to dismiss and motion for summary judgment.  Dkt. 21.  The Court subsequently reviewed the certificate of service attached to Defendants' motion and determined that Defendants had seemingly served their motion on Plaintiff at the wrong address.  *See* Min. Order (Aug. 11, 2023).  The Court, accordingly, ordered Defendants promptly to re-serve their motion on Plaintiff at the address that appeared on the docket.  *Id.*  The Court also granted Plaintiff an extension of time to respond, giving him until September 25, 2023.  *Id.*  After Plaintiff failed to respond by September 25, 2023, the Court again *sua sponte* extended time and set a new deadline of November 20, 2023.  *See* Min. Order (Nov. 7, 2023).  Plaintiff has failed to file any response and last responded to any order of the Court on August 3, 2023.

Under Federal Rule of Civil Procedure 41(b), it is within a court's discretion to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  *See also* Local Civil Rule 83.23 (adopting the standard of Rule 41(b)).  The Court may dismiss for failure to prosecute *sua sponte* or on a defendant's motion.  *See Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)); *see also* Fed. R. Civ. P. 41(b).  The authority to dismiss suits has long been recognized as "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the courts.  *Link*, 370 U.S. at 629.

Dismissal is warranted when, "in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985). "A lengthy period of inactivity may . . . be enough to justify dismissal," at least when "the plaintiff has been previously warned that he must act with more diligence, or if he has failed to obey the rules or court orders." *Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988). Although dismissal for failure to prosecute is a relatively "harsh sanction . . . ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs," *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) (quoting *Peterson*, 637 F.3d at 418), it is nonetheless warranted "when lesser sanctions would not serve the interest of justice," *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990). Moreover, dismissal without prejudice may, at times, mitigate the severity of the sanction. Such a step, in any event, is less draconian than treating an unopposed motion to dismiss as conceded, as this Court's rules permit, *see* Local Civil Rule 7(b) (stating that if an opposition is not timely filed "the Court may treat the motion as conceded"); *see also MacLeod v. U.S. Dep't of Homeland Sec.*, 2017 WL 4220398, at *5, *9 (D.D.C. Sept. 21, 2017) (describing standard and granting a motion to dismiss as conceded), which will often operate as an adverse adjudication of the dispute on the merits, *Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 118–19 (D.D.C. 2014); *Poblete v. Indymac Bank*, 657 F. Supp. 2d 86, 90 & n.2 (D.D.C. 2009). And, it may even be less prejudicial than reaching the substance of a motion to dismiss without the benefit of any opposing argument, which will also typically result in a decision on the merits.

Given Plaintiff's failure to respond to the Court's repeated orders and his "lengthy period of inactivity," dismissal for failure to prosecute is appropriate. Defendants filed their motion to dismiss and for summary judgment on April 27, 2023, and this Court has not heard from Plaintiff

since he indicated that he had not received a copy of the motion and asked for an extension of time on August 3, 2023—nearly four months ago. This Court has advised Plaintiff of the consequences of inaction three times. Dkt. 19; Min. Order (July 5, 2023); Min. Order (Nov. 7, 2023). Although Plaintiff informed the Court that he had not received a copy of Defendants' motion and asked for an extension of time on August 3, 2023, Plaintiff has made no effort to explain his failure to respond to Defendants' motion since then or his failure to respond to the Court's two most recent orders requiring a response. Min. Order (Aug. 11, 2023); Min. Order (Nov. 7, 2023). In light of this history, the Court concludes that Plaintiff has "not manifested reasonable diligence in pursuing" his case, and that his complaint should be dismissed. This Court's Local Rules provide that dismissals for failure to prosecute should be made without prejudice unless the delay in prosecution impairs the opposing party's interests. Local Civil Rule 83.23. The Court sees no reason to depart from this default rule, particularly in light of Plaintiff's *pro se* status. By doing so, the Court will leave Plaintiff in the same position as if the action—which he has, to date, declined to pursue—were never filed.

Finally, the Court notes that Defendants' motion to dismiss raises several substantial issues, including lack of personal jurisdiction, improper venue, insufficient service, and failure to state a claim. *See* Dkt. 18 at 1. Absent a response from Plaintiff, those defenses would likely warrant dismissal—also without prejudice.

In light of Plaintiff's failure to respond to Defendants' motion to dismiss and for summary judgment, Dkt. 18, and his failure to respond to this Court's orders that he do so, the Court concludes that the best course of action is to dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 83.23. A separate order consistent with this memorandum opinion will follow.

5

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  December 4, 2023